DORA M. CATES, Respondent, v. EDWARD M. CATES, Appellant.

Kansas City Court of Appeals, December 1, 1919.

1. **PROCESS: Personal Service in Another State: Suit to Set Aside Divorce.** In a suit to set aside a divorce on the ground of fraud, brought in the court which granted the divorce, personal service on the defendant in another State is valid under section 1778, Revised Statutes 1909, and section 1770, Revised Statutes 1909.

2. ——: ——: **Property Right.** The right to the status or condition of being a married woman instead of a divorcee is of itself a *property* right within the meaning of section 1770, Revised Statutes 1909.

3. **HUSBAND AND WIFE:** Matrimonial Domicile. Where husband and wife have their domicile in Missouri and the husband subsequently abandons the wife moving into another State where he is followed by the wife who establishes there a separate domicile, the matrimonial domicile remains in Missouri.

Appeal from Gasconade County Circuit Court.—*Hon. R. A. Bruer*, Judge.

AFFIRMED.

*E. E. Hairgrove* for respondent.

*H. Sanders* and *Robert Walker* for appellant.

TRIMBLE, J.—This is a suit in equity brought in the circuit court of Gasconade county, Missouri, by a wife to set aside a judgment of divorce which was rendered and procured therein through her husband's fraud. Defendant being a non-resident of the State, but residing within the United States, to-wit, in the State of Illinois, summons was made by delivery to him, in that State, of a copy of the petition and summons, ordinarily termed substituted service provided for by section 1778, Revised Statutes 1909. The case is before us on a second appeal by the defendant; the first was disposed by this court in an opinion by BLAND, J., reported in 209 S. W. 551, wherein the judgment was reversed and the cause was remanded for *further* proceedings on the ground that the petition and summons were delivered to the defendant less than "twenty days before the commencement of the term" at which the defendant was required to appear, and therefore the statute was not complied with.

Upon the remanding of the cause, plaintiff procured new process to be issued and the same was personally served upon defendant in Illinois in proper time

and return thereof was made under the provisions of said section 1778.

The petition discloses that plaintiff and defendant were married in Missouri and lived in this State for a number of years when the defendant deserted his wife and went to Wayne county, Illinois, and took up his residence there; that plaintiff followed him and took up her residence there also; that defendant refused to support plaintiff and she thereupon brought a suit to compel him to do so; that defendant was served with process therein, and at his instance the case was continued from time to time; that while plaintiff and defendant were both residents of Wayne county, Illinois, each having a *separate* but not a *matrimonial* domicile therein, the defendant surreptitiously and without plaintiff's knowledge, went into the circuit court of Gasconade county, Missouri, and by constructive service based on publication, fraudulently procured a judgment of divorce in his favor on the ground of desertion and indignities, he claiming that she had absconded and that he did not know of her whereabouts, and also that he was a resident of Gasconade county and had been for a whole year next before the filing of his petition; that all of the allegations and statements made, both in obtaining the order of publication and in procuring the judgment, were false, were known by him to be false and perjured and were made with the intent to deceive, and did deceive, the court into assuming jurisdiction and ordering said publication and rendering said judgment which the defendant thus fraudulently procured without the knowledge of plaintiff. The petition further discloses that plaintiff and defendant were then, and are now, residents of Wayne county, Illinois, and that plaintiff has and had a meritorious legal defense to the pretended cause of action alleged and asked that the judgment of divorce thus fraudulently procured be set aside and declared null and void.

Defendant appeared specially and moved to quash the summons which was overruled. The defendant

made no other appearance and the court, after hearing plaintiff's evidence, found the facts as alleged in the petition to be true, and that the judgment for divorce was fraudulently procured, and adjudged that it be set aside and the plaintiff restored to all marital rights she had as the wife of defendant.

The contention of appellant is that the suit is not one of those in which service, of the character mentioned, is authorized by the statute, and that, consequently, the service obtained herein is void.

Section 1778, Revised Statutes 1909, authorizing such service upon non-resident defendants, provides that it may be done "in any of the cases mentioned in section 1770." Said last named section specifies or mentions "suits in partition, divorce, . . . and . . . all actions at law or in equity, which have for their immediate object the enforcement or establishment of any lawful right, claim or demand to or against any real or personal property within the jurisdiction of the court." The argument of the defendant is that the suit is not one for divorce, and plaintiff, a non-resident, is not seeking to enforce or establish any lawful right to any real or personal property within the jurisdiction of the court, therefore, the suit does not come within the purview of those actions in which the statute says such service can be had. That is to say, in effect, that *after* the defendant has secretly come into this State and fraudulently deceived the court into assuming jurisdiction when in fact it had none, and has fraudulently procured a judgment declaring that the marital status is dissolved, the plaintiff cannot, upon discovery of the fraud, come into that same court, and, upon the notice and service as was herein obtained, have the court *undo* what it was induced and procured to do by that fraud. We are unwilling to so say. The statute authorizes divorce to be *obtained* on such foreign service where the court is otherwise possessed of jurisdiction. Can it be said that after a judgment of divorce has been secretly and fraudulently sought and obtained

in a court which, in fact, has no jurisdiction, the statute will not permit or allow the other party to come into the same court and have it *undo* what it was induced by fraud to do? Aside from any theory as to whether the word "in" appearing in the phrase "suits *in* . . divorce" is used in section 1770 may be given one of the dictionary meanings of "involving" or "with reference to," we may say that the court wherein the fraudulent judgment was rendered is a proper court to set it aside; that the *rem* upon which the judgment of divorce operated was the marital status or relation; and that such status or relation is, of *itself*, a *property* right. [Dorrance v. Dorrance, 242 Mo. 625, 626.] Such right to the marital status is one which the wife is entitled to enjoy *in Missouri*, and to protect from fraudulent disturbance there, as well as anywhere else. The abstract right to the status or condition of being a married woman instead of a divorcee is of itself a valuable and important right without regard to whether she is or is not thereby enabled to lay hold of a horse or a farm. And such right is a personal right which goes with her wherever she goes. As it had been fraudulently attacked and adjudged dissolved, we think she had the right to come into the court where that was done and have the judgment annulled, and that the aforesaid statutes, under which she obtained service upon her husband, are broad enough to include such suit, in the circumstances of this case. This we think she could do without regard to whether, under the rule announced in Haddock v. Haddock, 201 U. S. 562, she could, in a suit in Illinois against her husband and upon *personal* service there, have vindicated her marital rights despite the Missouri judgment. There was no *matrimonial* domicile in Illinois, only separate and individual domicile. The only place where *matrimonial* domicile ever existed was in Missouri. Plaintiff was, therefore, not required to shoulder the risk of an Illinois judgment, even if obtained on personal service, not being regarded as entitled to full faith and credit in Missouri. She had

the right to go to the fountain source, the very court in which the fraudulent judgment was rendered, and, by undoing it there, obliterate it everywhere. And we think the statute authorizes the service upon which it was done. The judgment is, therefore, affirmed. All concur.