**Jonelle GIER, Appellant-Plaintiff,**

v.

**Delta W. GIER, Respondent-Defendant.**

**No. 25453.**

Kansas City Court of Appeals,
Missouri.

Dec. 7, 1970.

Conn Withers, Liberty, for appellant-plaintiff.

Holliday & Holliday, Harold L. Holliday, Kansas City, for respondent-defendant.

FLOYD L. SPERRY, Special Commissioner.

Plaintiff says that this is a "direct action in equity" whereby she seeks to have the Clay County Circuit Court issue its permanent injunction to stay a judgment for divorce rendered by said court, on July 18, 1968, in favor of defendant (plaintiff in that action) and against plaintiff here; and that the court find and declare said purported judgment (Clay County case No. 30610) wholly void and of no effect.

Plaintiff alleged in the petition that defendant is a non-resident of the state of Missouri and cannot be personally served in this state. She prayed that summons be issued and served on defendant by an officer authorized by law to serve process in civil actions within the County of Freeborn, Minnesota (defendant's place of residence), together with a copy of the petition, in accordance with Civil Rule 54.08, V.A.M.R.

Defendant was duly served with process, in manner and form as above requested and, on December 1, 1969, attorneys for defendant entered appearance "specifically and solely for the purpose of moving to dismiss for lack of jurisdiction over the person in the above styled case". Defendant urged, as grounds therefor, that defendant was, at the time of service, a resident and then present in the state of Minnesota, and that Civil Rule 54.08 does not authorize personal service of process on parties residing in a foreign jurisdiction, *in an action to set aside a judgment.*

The court ordered and adjudged that the cause be "dismissed for lack of jurisdiction". Plaintiff appealed.

It is not necessary that the full content of plaintiff's petition herein be set out or discussed. Likewise, the substance of the pleadings filed in the *divorce* case (No. 30610) are not material to a decision here. It is sufficient to state that plaintiff's petition in the instant case states facts which, if true, establish that the divorce decree granted in case No. 30610 was procured by fraud practiced on the court, and on plaintiff; and that, because of such fraud and deceit, the judgment granting defendant herein a divorce from plaintiff, (and

awarding him custody of the child) was entered. The sole question before us is the propriety of the action of the trial court in sustaining defendant's motion to dismiss the cause of action because the service of process on defendant in the state of Minnesota, in this type of case, was not effective.

Rule 54.08 provides, in part, as follows:

"*(a) Service by mail or publication— When allowed—Limitation on judgment. Service by mail or by publication* shall be allowed in all cases affecting a fund, will, trust estate, specific property, or any interest therein, *or any res or status* within the jurisdiction of the court, * * *." (Emphasis ours.)

In Cates v. Cates, 202 Mo.App., 352, 216 S.W. 573, this court ruled a case very similar, on the facts, and involving similar legal principles, to those involved in the case at bar. This suit was in equity to set aside a divorce decree. There, both husband and wife lived in the state of Illinois, but there had never been a matrimonial domicile in that state. Without the wife's knowledge, the husband instituted a suit against his wife, praying for a decree of divorce, in Gasconade County, Missouri. He secured constructive service based on publication and, thereby, fraudulently procured a judgment of divorce in his favor in the Circuit Court of Gasconade County, on the grounds of indignities and desertion. He alleged that she had *absconded, and that he did not know her whereabouts, and that he had been, for a year immediately prior thereto, a resident of Gasconade County, Missouri.* Those allegations were false.

His wife instituted her action in equity to set aside the divorce decree, in the Circuit Court of Gasconade County. She obtained service on the husband, who was a resident of Illinois, by causing to be delivered to him, in that state, a copy of the petition and summons as provided by Section 1778 R.S.Mo.1909.

In the Cates case the husband appeared solely for the purpose of challenging the jurisdiction of the circuit court. His motion to quash the summons was overruled. The court heard evidence, ruled that the evidence established that the divorce decree was fraudulently obtained, and ordered that it be set aside. The husband appealed.

Section 1778 R.S.Mo.1909 provided that, in any of the cases mentioned in Section 1770, service on a defendant living in another state of the United States might be had by delivering to him a copy of the petition and summons. Defendant contended that that suit is one in which service of the character mentioned is not authorized by the statute, and is void. At page 574 the court said:

"Aside from any theory as to whether the word 'in' appearing in the phrase 'suits in * * * divorce,' as used in section 1770, may be given one of the dictionary meanings of 'involving' or 'with reference to,' *we may say that the court wherein the fraudulent judgment was rendered is a proper court to set it aside; that the rem upon which the judgment of divorce operated was the marital status or relation; and that such status or relation is of itself a property right.* Dorrance v. Dorrance, 242 Mo. 625, 626, 148 S.W. 94. Such right to the marital status is one which the wife is entitled to enjoy in Missouri, and to protect from fraudulent disturbance there, as well as anywhere else. The abstract right to *the status or condition of being a married woman instead of a divorcee is of itself a valuable and important right without regard to whether she is or is not thereby enabled to lay hold of a horse or a farm. And such right is a personal right which goes with her wherever she goes.* As it had been fraudulently attacked and adjudged dissolved, we think she had the right to come into the court where that was done and have the judgment annulled, and that the aforesaid statutes, under which she obtained service upon her husband, are broad enough to include such suit in

the circumstances of this case." (Emphasis ours.)

The Montana Supreme Court considered and ruled a case which, on the facts and issues, is almost identical to those in the case at bar. State ex rel. Sparrenberger v. District Court, 66 Mont. 496, 214 P. 85, 33 A.L.R. 464. At page 469 (annotation of 33 A.L.R.), the following appears:

"In the reported case (State ex. rel. Sparrenberger v. District Ct. ante, 464) it appeared that a husband, having left his wife in another state, had, by means of fraud and perjury, obtained a decree of divorce in the courts of Montana, removing thereafter from that state. The wife, a resident of the state of New York, later brought an action in Montana to annul this decree, and the district court quashed the summons, which had been served on the husband in North Dakota. Reversing this order, the judgment of divorce, resulting from the husband's action, is held to constitute a res of which the Montana courts have jurisdiction. Nowhere but in Montana, says the court, can relief from this fraudulent judgment be obtained, and the departure of the wrongdoer from the jurisdiction cannot be allowed to prevent the grant of such relief. * * * A court which has taken jurisdiction of one's status and has been led to enter a decree by fraud, will, it is held, maintain jurisdiction over the subject-matter to right the wrong."

The Cates case, supra, is also discussed. We hold that service of process was legally had, and that the circuit court had jurisdiction to hear and determine the cause.

The judgment is reversed and the cause is remanded for trial and disposition in accordance with the views herein expressed.

MAUGHMER, C., concurs.

PER CURIAM:

The foregoing opinion of FLOYD L. SPERRY, Special Commissioner, is adopted as the opinion of the court.

All concur.